UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Matthew James Hartman,                                    Case No.  1:15-cv-02187

        Petitioner

   v.                                                                              ORDER

Medina County Sheriff's Office, et al.,

        Respondents

      Petitioner Matthew James Hartman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3), seeking an emergency stay of his state-court trial set for October 26, 2015, in the Court of Common Pleas for Medina County, Ohio.  (Doc. No. 1).  Hartman asserts the trial, which would be the third time he has been called to stand trial on a one-count indictment for aggravated burglary, violates his Fifth Amendment double-jeopardy protection.  (*See, e.g.,* Doc. No. 1-2 at 11-13).  On June 2, 2015, Hartman filed a "motion to enforce his Fifth Amendment protections accorded by the Double [Jeopardy] clause."  (Doc. No. 1-3 at 1).  Hartman asserts the trial court denied this motion on October 16, 2015, and scheduled his third trial to commence on October 26, 2015.  (Doc. No. 1-2 at 12).  Hartman further contends that, on October 19, 2015, after being advised Hartman intended to file this petition, the trial court indicated a willingness to stay the trial date, but subsequently informed counsel the stay would be denied and that trial will commence on October 26.  (Doc. No. 1-2 at 17 n.4).  Hartman contends the state-court trial judge erroneously denied his motion to dismiss the indictment on double-jeopardy grounds.  Though I am deeply troubled by the numerous and serious allegations Hartman raises, I conclude I lack jurisdiction to hear his petition.

Under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, a federal court must abstain from exercising jurisdiction over a case where "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kilby v. Montgomery Cnty. Ct. of Common Pleas.*, 2015 WL 163492, at *5 (S.D. Ohio, Jan. 13, 2015) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Federal adjudication of a state-court defendant's double-jeopardy claims is appropriate only "when those claims have been raised and rejected in the state trial court and under state law there is no right to interlocutory appeal." *Harpster v. State of Ohio*, 128 F.3d 322, 325 (6th Cir. 1997) (citations omitted).  The trial court's denial of Hartman's motion to dismiss is a final appealable order under Ohio law.  *Ohio v. Anderson*, 6 N.E.3d 23, 29-30 (Ohio 2014).  Hartman does not assert he has appealed the trial court's denial of his motion to either the Ohio Court of Appeals or the Supreme Court of Ohio.  *Cf. Kilby*, 2015 WL 163492, at *3.  Thus, there is a pending state court proceeding, involving an important state interest – Ohio's criminal law – and Ohio law provides Hartman with an adequate opportunity to raise his claim.  I conclude the *Younger* abstention doctrine bars my consideration of Hartman's double-jeopardy claim at this time.

Hartman's remaining arguments present issues arising from the convictions in his first two trials, which were reversed on appeal, or raise civil-rights claims.  Hartman fails to show I have jurisdiction to consider these arguments in federal habeas proceedings.  Reluctantly, I dismiss Hartman's complaint without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge